UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ARCADE TEXTILES, INCORPORATED;
YORK COUNTY INDUSTRIES, LIMITED,
            *Plaintiffs-Appellants,*

v.

SECURITY INSURANCE COMPANY OF
HARTFORD,
            *Defendant-Appellee,*

ADJUSTERS INTERNATIONAL,
            *Movant.*

No. 01-2393

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-98-2562-0-17)

Argued: October 30, 2002

Decided: December 3, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** David J. Gundling, THE GUNDLING LAW FIRM, Paw-
leys Island, South Carolina, for Appellants. George Terrell Davis,
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P., Atlanta, Georgia,
for Appellee. **ON BRIEF:** John Thomas Lay, Jr., ELLIS,

LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellants Arcade Textiles, Inc. (Arcade) and York County Industries, Ltd. (York) appeal an order of the district court granting summary judgment to Security Insurance Company of Hartford (Security) on Appellants' claims for bad faith denial of an insurance claim, improper claim practices, and breach of contract. We affirm.

### I.

Arcade owned and operated a textile mill in Rock Hill, South Carolina. Located within the mill were equipment and machinery owned by York and goods owned by Arcade's customers. On November 3, 1997, a major fire damaged the mill and its contents.

Arcade had obtained from Security a commercial insurance policy that, as is relevant here, covered the business personal property of Arcade, York, and various other companies for $4.42 million. It quickly became clear to Security that claims would exceed the policy limits. Appellants alone claimed losses of over $6.6 million. Additionally, one of Arcade's customers sued Security for over $750,000 in losses from the fire, and another claimed losses of approximately $556,000 and threatened to sue Security if it made any payment to Arcade "on a preferential basis." J.A. 133. In addition to these claims, Security was aware of numerous potential claims by Arcade's customers and their insurers.* Security was uncertain about the priority and proper allocation of these potentially conflicting claims.

_____

*The parties disagree about the total amount of claims asserted by Arcade's customers, but we need not resolve this dispute because there is no question that the combined claims of Appellants and Arcade's customers far exceeded the $4.42 million coverage amount.

To resolve these issues, Security filed a statutory interpleader action, *see* 28 U.S.C.A. § 1335 (West 1993), naming as defendants Arcade, York, NationsBank (to which Appellants had assigned certain rights to the insurance proceeds), and many customers of Arcade. The following day, Appellants filed this suit against Security, alleging bad faith failure to pay benefits due under the policy; improper claim practices, *see* S.C. Code Ann. § 38-59-20 (West 2002); and breach of contract. The district court stayed the breach of contract claim pending the resolution of the interpleader action. Both sides moved for summary judgment on the remaining claims.

The district court held that Security was entitled to summary judgment on the bad faith claim because it had a reasonable basis for filing the interpleader action instead of directly paying Appellants' claims. The court emphasized that even accepting Appellants' argument that many of the purportedly competing claims would have been eliminated if Security had investigated and adjusted them, the total amount of claims still would have exceeded the policy limits. The court also rejected Appellants' argument that Security could have made at least a partial payment to Appellants, explaining that nothing in the policy obligated Security to make partial payments and that any claimant could argue it was entitled to partial payment, thus putting Security in an impossible position.

The district court also granted summary judgment to Security on Appellants' claim for improper claim practices. The court noted that the basis for Appellants' claim was actually S.C. Code Ann. § 38-59-40(1) (West 2002), which permits recovery of attorneys' fees when the trial court finds that an insurer has refused to pay a claim without reasonable cause or in bad faith. Because the district court had already found that Security had a reasonable basis for filing the interpleader action, the court held that Appellants could not recover attorneys' fees.

Finally, the district court concluded that Appellants' breach of contract claim had been resolved in the interpleader action, which had settled, and thus dismissed that claim. In a later order, the district court rejected Appellants' argument that to the extent their breach of contract claim sought consequential damages, it survived the interpleader settlement. The court also explained that under South Caro-

lina law, a plaintiff's recovery for breach of an insurance policy is normally limited to the policy amount; a plaintiff may recover consequential damages only if the insurer acted unreasonably or in bad faith. Thus, the court concluded that Appellants were trying to "bootstrap" a breach of contract claim into a claim for bad faith—which the court had already rejected. J.A. 596.

## II.

Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly granted summary judgment to Security. Accordingly, we affirm.

*AFFIRMED*